UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. MJ-2004-M-221-JLA

UNITED STATES

v.

DAVID JORDAN

**ORDER ON RELEASE**

ALEXANDER, M.J.

The defendant, DAVID JORDAN ("Mr. Jordan"), appeared before this Court on May 25, 2004, May 26, 2004, and May 27, 2004 for a probable cause and detention hearing pursuant to a complaint charging him in violation of 21 U.S.C. § 846 (unlawfully, knowingly, and intentionally conspiring to possess with intent to distribute over 500 grams of cocaine, a schedule II controlled substance). At the hearing, the government was represented by Assistant United States Attorney John J. Farley and the defendant was represented by Attorney Thomas Drechsler.

Having considered the testimony and proffers at the detention hearing, including the credible testimony of Trooper Kevin O'Neil of the Massachusetts State Police, the Court has concluded that there is probable cause to believe that the defendant committed the offenses with which he is charged. Notwithstanding the government's understandable objections to the release of this defendant, the Court concludes that the government has

neither established by a preponderance of the evidence that there is no combination of conditions which will reasonably assure the defendant's appearance at future court proceedings nor by clear and convincing evidence that there is no combination of conditions which will reasonably assure the safety of any other person and the community if the defendant is released pending trial. 18 U.S.C. § 3142(f). The Court will therefore release the defendant pending trial, subject to the following conditions, on or about June 22, 2004:

1. The defendant is confined to, and must maintain residence at 123 Spring Street, Stoneham, Massachusetts, and is not allowed to move or leave without the express prior permission of the Court which shall only be granted upon prior notice to the Pre-Trial Services Office of the District Court ("PSO");

2. The defendant is to possess no firearms, weapons, or controlled substances, as defined in 21 U.S.C. § 802;

3. The defendant is to report by telephone to the Pre-Trial Services Office of the District Court ("PSO") each Monday, Wednesday and Friday by 12:00 PM;

4. The defendant is to post a bond in the amount of $500,000 secured by the property located at 123 Spring Street, Stoneham, Massachusetts, and 30 Bishop Road in Malden, Massachusetts;

5. The defendant is to surrender any passport to PSO, forthwith;

6. The defendant is required to wear a electronic monitoring device;

7. The defendant is to surrender any license to carry firearms and surrender all firearms to the local police department, forthwith;

8. The defendant is to refrain from any excessive use of alcohol;

9. The defendant is to submit to any method of testing required by the PSO for determining whether the defendant is using a prohibited substance and such

methods may be used with random frequency and include urine testing, the wearing of a "sweat patch," a remote testing system, and/or any form of prohibited substance screening or testing;

10. The defendant is to participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the PSO;

11. The defendant is to refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release;

12. The defendant is to have no contact, direct or indirect, with the co-defendants, witnesses, or victims alleged or named in the indictment;

13. The defendant is to report as soon as possible, to the PSO or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop;

14. The defendant must not violate any local, state or federal laws; on the occasion of such a violation, the defendant must notify pre-trial services within 24 hours;

15. Any and all such other conditions as the Court may determine to be appropriate.

SO ORDERED.

6/10/04
Date

_____
United States Magistrate Judge